## DANENHOVER a. MARCH.

*Supreme Court, First District ; Special Term, March,* 1857.

ALLOWANCE.—UNREASONABLE PROSECUTION.

Where an action is voluntarily discontinued by plaintiff after having been placed upon the calendar, and before trial, an allowance may be granted under section 308 of the Code ;—the discontinuance being a confession that there was no cause of action, and so authorizing the court to say that the suit was unreasonably prosecuted.

Motion for an allowance.

This action was by Charles R. Danenhover against Peter S. March, and Matthew H. Nace and Israel Coe, formerly partners under the name of Nace & Coe; and was commenced on November 13, 1856. The complaint alleged that the plaintiffs were judgment and execution creditors of the defendants Nace and Coe ;—that on June 12, 1856, an assignment of the effects of that firm was made to the defendant March, to convert the

---

* See also the case of Ferrera a. Depew, *Ante,* 131, where, in the New York Common Pleas an analogous answer was held demurrable.

same into money, for the benefit of the creditors of said firm ; —that the defendant March took possession of the property so assigned, and undertook the execution of the trust;—that he had violated his trust by making sales on credit, and had in one instance sold a portion of the goods assigned to a merchant in Detroit, Michigan, on credit, and shipped them to said place. The relief demanded was the removal of March as assignee, and the appointment of a receiver, to whom he should account, &c.

The answers of March and Coe admitted all the material allegations alleged in the complaint, and set up that the sales on credit were made to prevent a sacrifice of the property.

The plaintiffs, on December 8, 1856, moved upon the pleadings for the appointment of a receiver pending the litigation, which was denied, *but without costs.*

On January 24, 1857, the case being then upon the day calendar, upon plaintiffs' notice, the plaintiffs, on an affidavit that the answers asked for no independent relief, and that the cause had not yet been tried, obtained an order from Mr. Justice Clerke, discontinuing the action on payment of costs ; and on the same day served the defendants' attorney with a copy of said affidavit and order, and offered to pay the costs the defendants were entitled to by the Code. And on the same day the plaintiffs, in connection with another creditor, commenced a new action against the same defendants, setting up additional facts and asking more extensive relief. The defendants claiming to be entitled to an allowance in addition to costs, it was stipulated in writing to submit the question to a justice at chambers; and on February 3 the question was submitted, after full argument, to Mr. Justice Peabody, who denied the application, but without prejudice to its renewal upon additional papers.

The motion was now renewed, pursuant to the leave reserved.

*John Sessions,* for the motion, cited section 308 of the Code, and Moore *v.* Westervelt (1 *Code, R. N. S.,* 138).

*Allan Melville,* opposed, cited Seaboard & Roanoake Railroad Company *a.* Ward (1 *Abbotts' Pr. R.,* 46); McLees *a.* Avery (4 *How. Pr. R.,* 44); The Troy & Boston Railroad Company *a.* Tibbits (11 *Ib.,* 168); Woods *a.* Thompson (*Ib.,* 185); Goodyear *a.* Baird (*Ib.,* 377); Wolf *a.* Van Nostrand

(2 *Comst.*, 570); Morrison *v.* Ide (3 *Code; R.*, 27; 13 *How. Pr. R.*, 296); and sections 245, 308 and 309 of the Code.

DAVIES, J.—The plaintiffs in this case had no cause of action. This is confessed upon the record by their voluntary discontinuance upon payment of costs. These they have offered and consented to pay. The defendants ask, in addition, an allowance, and claim that it is a case within the clause of section 308 of the Code, which provides that an allowance may be made in any case where the prosecution has been unreasonably conducted. Webster defines "unreasonable" to mean claiming or insisting upon more than is fit. The plaintiffs concede that they have claimed what they were not entitled to. Such prosecution, was, therefore, "unreasonable." I concur with the Superior Court in Moore *v.* Westervelt (1 *Code, R. N. S.*, 131), that this clause is not to receive a narrow and literal construction, and that these words apply to every suit which is groundless in its origin and vexatious in its purpose. Since every suit which is unreasonable and unfair in its commencement must be so in every subsequent step of its progress, unless it is at once abandoned, it is a prosecution unreasonably and unfairly conducted.

There must be an allowance in this case of $75.

---

## CASHMAN *a.* JOHNSON.

*Supreme Court, First District; Special Term, March*, 1857.

CITY JUDGE OF BROOKLYN.—SUPPLEMENTARY PROCEEDINGS.

Notwithstanding the abolition by the Constitution of 1846 of the office of Supreme Court commissioner, it is still competent to the Legislature to confer the powers formerly exercised by those officers.

The Legislature have not power to authorize a judge of one court to exercise complete jurisdiction in a cause pending in another court, except it is expressly permitted by the Constitution.

The power to entertain proceedings supplementary to an execution cannot be transferred to any person not a judge of the court in which the judgment was rendered, excepting in the case of the county judges as authorized by section 14 of article 6 of the Constitution.